# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEDAR LANE TECHNOLOGIES INC., <br><br> Plaintiff, <br><br> v. <br><br> OMNIVISION TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 20-541-CFC <br><br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT OMNIVISION'S ANSWER AND DEFENSES TO PLAINTIFF CEDAR LANE TECHNOLOGIES INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant, OmniVision Technologies, Inc. ("OmniVision") provides the following answers to the complaint of Plaintiff Cedar Lane Technologies Inc. ("Cedar Lane"):

## PARTIES

1. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

**ANSWER:** OmniVision lacks information sufficient to admit or deny these allegations, and therefore denies them.

2. Defendant Omnivision Technologies Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of

business at 4275 Burton Drive, Santa Clara, CA 95054.

**ANSWER:** Admitted.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:** OmniVision admits that the complaint purports to bring a cause of action for patent infringement and that actions for patent infringement arise under Title 35 of the United States Code. OmniVision denies that it has committed any acts of infringement.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Admitted.

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District, and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**ANSWER:** OmniVision is incorporated in Delaware and admits that, for the purposes of this action, the Court has personal jurisdiction over it. OmniVision denies the remaining allegations of paragraph 5.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, has an established place of business in this District, and is incorporated in this District's state. In addition, Plaintiff has suffered harm in this district.

**ANSWER:** OmniVision admits that it is incorporated in Delaware and that, for the purposes of this action, venue is proper in this District. OmniVision denies the remaining allegations of paragraph 6.

### PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,469,289 (the "'289 Patent"); 6,473,527 (the "'527 Patent"); 6,972,790 (the "'790 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**ANSWER:** OmniVision lacks information sufficient to admit or deny these allegations, and therefore denies them.

### THE '289 PATENT

8. The '289 Patent is entitled "Ambient light detection technique for an imaging array," and issued 10/22/2002. The application leading to the '289 Patent was filed on 11/21/2000. A true and correct copy of the '289 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER:** OmniVision admits that the '289 Patent is entitled "Ambient light detection technique for an imaging array," and issued on October 22, 2002. OmniVision admits that the '289 Patent lists a filing date of November 21, 2000 and that a document appearing to be a copy of the '289 Patent was attached as Exhibit 1.

9. The '289 Patent is valid and enforceable.

**ANSWER:** Denied.

## THE '527 PATENT

10. The '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued 10/2/2002. The application leading to the '527 Patent was filed on 6/1/1999. A true and correct copy of the '527 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

**ANSWER:** OmniVision admits that the '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued on October 2, 2002. OmniVision admits that the '527 Patent lists a filing date of June 1, 1999 and that a document appearing to be a copy of the '527 Patent was attached as Exhibit 2.

**ANSWER:**

11. The '527 Patent is valid and enforceable.

**ANSWER:** Denied.

## THE '790 PATENT

12. The '790 Patent is entitled "Host interface for imaging arrays," and issued 12/6/2005. The application leading to the '790 Patent was filed on 12/21/2000. A true and correct copy of the '790 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

**ANSWER:** OmniVision admits that the '790 Patent is entitled "Host interface for imaging arrays," and issued on December 6, 2005. OmniVision admits that the '790 Patent lists a filing date of December 21, 2000 and that a document appearing to be a copy of the '790 Patent was attached as Exhibit 3.

13. The '790 Patent is valid and enforceable.

**ANSWER:** Denied.

### COUNT 1: INFRINGEMENT OF THE '289 PATENT

14. Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:** OmniVision restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

15. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '289 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '289 Patent also identified in the charts incorporated into this Count below (the "Exemplary '289 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '289 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** OmniVision admits that the Exemplary Defendant Products are designed by OmniVision. OmniVision denies the remaining allegations of paragraph 15.

16. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '289 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:** Denied.

17. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

**ANSWER:** OmniVision admits to being served with a copy of the Complaint and that it is now aware of the '289 Patent. OmniVision denies the remaining allegations.

5

18. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '289 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '289 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '289 Patent.

**ANSWER:** Denied.

19. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '289 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '289 Patent.

**ANSWER:** Denied.

20. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '289 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '289 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

**ANSWER:** Denied

21. Exhibit 4 includes charts comparing the Exemplary '289 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '289 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '289 Patent Claims.

**ANSWER:** OmniVision admits that a claim chart was attached at Exhibit 4. OmniVision denies the remaining allegations.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

**ANSWER:** No response is necessary to paragraph 22. OmniVision restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

23. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** Denied.

### COUNT 2: INFRINGEMENT OF THE '527 PATENT

24. Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:** OmniVision restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

25. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '527 Patent also identified in the charts incorporated into this Count below (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '527 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** OmniVision admits that the Exemplary Defendant Products are designed by OmniVision. OmniVision denies the remaining allegations of paragraph 25.

26. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '527 Patent Claims, by having its employees internally test and use these Exemplary Products.

7

**ANSWER:** Denied.

27. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

**ANSWER:** OmniVision admits to being served with a copy of the Complaint and that it is now aware of the '527 Patent. OmniVision denies the remaining allegations. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '527 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '527 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '527 Patent.

**ANSWER:** Denied.

28. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '527 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent.

**ANSWER:** Denied.

29. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '527 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '527 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

**ANSWER:** Denied.

30. Exhibit 5 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '527 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

**ANSWER:** OmniVision admits that a claim chart was attached at Exhibit 5. OmniVision denies the remaining allegations.

31. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

**ANSWER:** No response is necessary to paragraph 32. OmniVision restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

32. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** Denied.

### COUNT 3: INFRINGEMENT OF THE '790 PATENT

33. Plaintiff incorporates the above paragraphs herein by reference.

**ANSWER:** OmniVision restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

34. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '790 Patent also identified in the charts incorporated into this Count below (the "Exemplary '790 Patent Claims") literally or by the doctrine of

equivalents. On information and belief, numerous other devices that infringe the claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** Denied.

35. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '790 Patent Claims, by having its employees internally test and use these Exemplary Products.

**ANSWER:** Denied.

36. The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

**ANSWER:** OmniVision admits to being served with a copy of the Complaint and that it is now aware of the '790 Patent. OmniVision denies the remaining allegations.

37. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '790 Patent.

**ANSWER:** Denied.

38. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

**ANSWER:** Denied.

39. **Contributory Infringement.** Defendant actively, knowingly, and

intentionally has been and continues materially contribute to their own customers' infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent. Moreover, the Exemplary Defendant Products are not a staple article of commerce suitable for substantial noninfringing use.

**ANSWER:** Denied.

40. Exhibit 6 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '790 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

**ANSWER:** OmniVision admits that a claim chart was attached at Exhibit 6. OmniVision denies the remaining allegations.

41. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

**ANSWER:** No response is necessary to paragraph 43. OmniVision restates each of its answers in the above paragraphs of this Answer and incorporates them herein.

42. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** Denied.

**DENIAL OF PLAINTIFF'S REQUEST FOR RELIEF**

OmniVision denies that Plaintiff is entitled to any relief in this action and respectfully requests that the Court deny Plaintiff's request for any and all relief as stated in the Complaint.

## PLAINTIFF'S JURY DEMAND

Plaintiff's demand for a jury trial does not state any allegation against OmniVision to which a response is required. To the extent that any allegations are included in the demand, OmniVision denies such allegations.

## AFFIRMATIVE DEFENSES

OmniVision asserts the following defenses and reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on additional information that may become available through discovery and/or further factual investigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

OmniVision has not infringed, induced infringement, or contributed to infringement of any valid claims of United States Patents Nos. 6,469,289 (the "'289 Patent"), 6,473,527 (the "'527 Patent"), or 6,972,790 (the "'790 Patent"), collectively ("Patents-in-Suit"), literally or under the doctrine of equivalents, by active inducement, by contributing to infringement by others. The accused OmniVision products do not perform one or more limitations of the claims of the Patents-in-Suit. Additionally, OmniVision's products do not infringe to the extent

that OmniVision does not make, use, offer to sell, or sell in the United States or import into the United States the accused OmniVision products, does not perform, induce a third-party to perform, or contribute to a third party's performance limitations of claims of the Patents-in-Suit within the United States. OmniVision has never acted with the requisite specific intent required for Cedar Lane's indirect infringement contentions.

## THIRD AFFIRMATIVE DEFENSE

One or more of the claims of the Cedar Lane Patents are invalid for failure to comply with one or more conditions of patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE

Cedar Lane is estopped from construing the claims of the Patents-in-Suit to cover and/or include any acts or products of OmniVision and is otherwise estopped from claiming that any claim of the Patents-in-Suit is of sufficient scope to cover and/or include any accused products either literally or pursuant to the doctrine of equivalents due to statements and conduct before the United States Patent and Trademark Office.

## FIFTH AFFIRMATIVE DEFENSE

Cedar Lane is barred from recovering damages for any alleged infringement that occurred prior to the filing of the Complaint by 35 U.S.C. § 287.

## JURY DEMAND

OmniVision respectfully demands a trial by jury of any issues triable by right under Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, OmniVision prays for relief as follows:

1. Denial of all claims for relief set forth in the Complaint and entry of judgment in favor of OmniVision and against Plaintiff;

2. Declaring that OmniVision has not infringed and is not infringing any valid and/or enforceable claim of the Patents-in-Suit directly, indirectly, contributorily, individually, jointly, willfully, by inducement, literally, or under the doctrine of equivalents;

3. Declaring that each asserted claim of the Patents-in-Suit is invalid and/or unenforceable;

4. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285;

5. Awarding OmniVision its costs and attorneys' fees in connection with this matter; and such other and further relief at law or in equity as the Court deems just and proper.

Dated: July 15, 2020

OF COUNSEL:

BARACK FERRAZZANO
KIRSCHBAUM & NAGELBERG, LLC
David H. Bluestone
david.bluestone@bfkn.com
Michael D. Educate
michael.educate@bfkn.com
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant OmniVision Technologies, Inc.*